## AFFIDAVIT IN ATTACHMENT EXECUTED BEFORE PLAINTIFF'S ATTORNEY.

Court of Appeals for Hamilton County.

JOSLIN-SCHMIDT CO. v. JOSEPH F. HERRMANN.

Decided, March 9, 1916.

*Attachment and Garnishment—Affidavit Made Before Plaintiff's Attorney as Notary—Not Given Life by Substituting the Name of Another Attorney.*

The rule that an affidavit in attachment can not be made before a notary public who is the attorney, for one of the parties to the action has reference to the status of the parties at the time the affidavit is made, and where the affidavit is made before plaintiff's attorney the substitution thereafter of the name of another attorney does not give life to the action as against a motion to discharge the attachment.

*George S. Baily* and *L. D. Oliver,* for plaintiff in error.
*Cobb, Howard & Bailey,* contra.

MERRIMAN, J.

The record shows that Mr. D. S. Oliver had been the attorney for the plaintiff for many years, having general charge of all its legal matters. Mr. Oliver had been consulted about bringing this suit, prepared the necessary papers, signed the petition as attorney for the plaintiff, and as a notary public swore Mr. Schmidt, treasurer of the plaintiff company, to the affidavit in attachment. When Mr. Oliver attempted to file the petition and affidavit in the court of common pleas the clerk suggested that he was disqualified from acting as both attorney and notary, and he thereupon substituted the name of his brother, L. D. Oliver, as attorney, and filed the papers.

The court of common pleas discharged the attachment, and plaintiff prosecutes error to this court.

In *Leavitt* v. *Rosenberg*, 83 Ohio St., 230, the court held:

"An affidavit in attachment can not be made before a notary public who is the attorney for one of the parties to the action."

Mr. Oliver was the attorney for the plaintiff company at the time the affidavit in attachment was made by its treasurer, Mr. Schmidt, and he acted as the attorney in preparing the petition and affidavit.

We think the reason for the rule, as laid down in *Ward* v. *Ward*, 20 C. C., 136, and *Leavitt* v. *Rosenberg, supra,* contemplates the status of the parties at the time the affidavit is made.

The affidavit in question, therefore, never had legal existence, and no subsequent action by Mr. Oliver could give it life.

The judgment of the court of common pleas is affirmed.

SAYRE, J., and WALTERS, J., concur.